UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
INTERNATIONAL DIAMOND
IMPORTERS, INC. d/b/a I.D.I. DESIGN,
INC. and MEIRA T. DESIGNS,

                Plaintiff,                        15-CV-4045 (KMW)
                                                  **OPINION & ORDER**

   -against-

MED ART, INC., et al.,
                Defendants.
----------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

     International Diamond Importers, Inc. ("Plaintiff") brings this action against Med Art, Inc. ("NY Zen Diamond"), Med-Art Saglik Hizmetleri Ve Kuyumculuk San. Tic. Sti. ("Turkish Zen Diamond"), and Emil Güzeliş (collectively "Defendants"). Plaintiff brings claims for copyright infringement, trade dress infringement, false designation of origin, unfair competition, and related state and common law claims.

     Defendants move to dismiss all claims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). Alternatively, Defendants move to dismiss under the doctrine of forum non conveniens, 28 U.S.C. § 1404. Plaintiff requests leave to conduct jurisdictional discovery.

     For the reasons set forth below, Plaintiff's request for jurisdictional discovery is GRANTED and Defendants' Motion to Dismiss is DENIED without prejudice.

1

I.     RELEVANT BACKGROUND

A. The Parties

Plaintiff is a New York company that designs, manufactures, and sells jewelry in the United States and abroad. (Compl. ¶¶ 5, 14 [Doc No. 1]). Plaintiff's signature Meira T Jewelry Designs are protected by copyrights and a protectable trade dress. *Id.* ¶¶ 14-20. Plaintiff promotes and sells its jewelry collections at international trade and gift shows. *Id.* ¶ 22.

Defendant Turkish Zen Diamond, the parent company of NY Zen Diamond, is a Turkish entity founded in 1994 that manufactures jewelry and precious metals. *Id.* ¶ 7; (Güzeliş Decl. ¶¶ 4, 13 [Doc. No. 28]). Defendant NY Zen Diamond is a New York corporation incorporated in 2001. (Compl. ¶ 6); (Güzeliş Decl. ¶ 12). Defendant Emil Güzeliş is a shareholder and sole officer/CEO of both Turkish Zen Diamond and NY Zen Diamond. (Compl. ¶ 11); (Güzeliş Decl. ¶¶ 1, 14, 18). Defendants attend many of the same international trade and gifts shows as Plaintiff. (Compl. ¶¶ 22, 28); ((Brownlee Decl. ¶ 8, 13-17 [Doc. No. 34]); (Pl.'s Opp'n to Defs.' Mot. to Dismiss ("Pl.'s Opp'n") at 4-5 [Doc. No. 33]).

B. The Claims

Plaintiff claims that Defendants manufactured, exhibited, and/or sold jewelry designs that are substantially similar or identical to Plaintiff's Meira T Jewelry Designs. (Compl. ¶¶ 27-28). Specifically, Plaintiff alleges that Defendants exhibited infringing products at the 2015 Hong Kong International Jewellery Show ("HK Show"), where many buyers, including buyers from New York, were in attendance. (Compl. ¶ 28).

II.     DISCUSSION

  A.  Subject Matter Jurisdiction

Plaintiff alleges that this Court has subject matter jurisdiction over its claims pursuant to the Copyright Act, 17 U.S.C. §§ 101 et. seq.; Lanham Act 15 U.S.C. §§ 1051 et. seq.; and 28 U.S.C. § 1338(b) as an action arising out of claims for false designation of origin and unfair competition.  (Compl. ¶ 2).  Defendants disagree, arguing that Plaintiff alleges only extraterritorial acts of infringement that are outside the jurisdiction of New York courts.  *See generally* [Doc No. 27, 37].

As an initial matter, this Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1331.  Defendants' argument that New York courts lack subject matter jurisdiction over alleged violations of the Copyright and Lanham Acts based on extraterritorial conduct fails to recognize established Supreme Court precedent.  In *Arbaugh v. Y&H Corp.*, the Supreme Court held that "a threshold limitation on a statute's scope shall count as jurisdictional" only when Congress "clearly states" so.  546 U.S. 500, 502 (2006).  Because the extraterritorial limitations of the Copyright and Lanham Acts are not clearly jurisdictional, the Court has subject matter jurisdiction over Plaintiff's claims.[1]  *See Roberts v. Keith*, No. 04-CV-10079, 2009 WL 3572962, at *2 (S.D.N.Y. Oct. 23, 2009) (Preska, J.) ("[N]othing in the Copyright Act "clearly states" that the scope of the statute's jurisdictional reach affects the court's power to adjudicate the issue."); *Estate of Stewart v. Sugar Hill Music Pub. Ltd.*, No. 10-CV-2632, 2012 WL 4900927, at *4 (S.D.N.Y. Oct. 12, 2012) *vacated on other grounds sub nom. Stewart v. Estate of Sugar Hill Music Pub. Ltd.*, No. 10-CV-2632, 2013 WL 1405422 (S.D.N.Y. Apr. 8, 2013)

---

[1] Most of the cases construing the extraterritorial limitations of the Copyright and Lanham Acts as an issue of subject matter jurisdiction were decided before the Supreme Court's ruling in *Argbaugh*.  Any post-*Argbaugh* cases holding that a court lacks subject matter jurisdiction because Plaintiff did not plead infringing activity in the United States fail to properly recognize the Supreme Court's decision.

(Swain, J.); *see also Atl. Richfield Co. v. Arco Globus Int'l Co.,* 150 F.3d 189, 192 (2d Cir. 1998) (It is well established that "[t]he Lanham Act may reach allegedly infringing conduct that occurs outside the United States when necessary to prevent harm to commerce in the United States."). The Court will treat the issue of extraterritorial limitations as an element of the claim, not a predicate for subject matter jurisdiction. *See Litecubes, LLC v. N. Light Prods., Inc.*, 523 F.3d 1353, 1367 (Fed. Cir. 2008).

      B. <u>Jurisdictional Discovery</u>

"In deciding a pretrial motion to dismiss for lack of personal jurisdiction a district court has considerable procedural leeway." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981). A district court has broad discretion to permit plaintiffs to conduct additional jurisdictional discovery in order to obtain further evidence relevant to the existence of jurisdiction. *See Daventree Ltd. v. Republic of Azerbaijan,* 349 F. Supp. 2d 736, 761 (S.D.N.Y. 2004) (Stein, J.) (quoting *APWU v. Potter,* 343 F.3d 619, 627 (2d Cir. 2003)).

Such discovery may be authorized where plaintiff has made "a threshold showing that there is some basis for the assertion of jurisdiction." *Daval Steel Prods. v. M.V. Juraj Dalmatinac*, 718 F.Supp. 159, 162 (S.D.N.Y. 1989) (Cannella, J.); *see also Strategem Dev. Corp. v. Heron Int'l N.V.*, 153 F.R.D. 535, 547-48 (S.D.N.Y. 1994) (Kram, J.) (authorizing jurisdictional discovery where plaintiff "made a sufficient start" toward establishing jurisdiction). The Second Circuit has explained that jurisdictional discovery may be appropriate even in the absence of a *prima facie* showing as to the existence of jurisdiction. *In re Magnetic Audiotape Antitrust Litig.,* 334 F.3d 204, 207-08 (2d Cir. 2003) (per curium); *see Ehrenfeld v. Mahfouz,* 489 F.3d 542, 550 n.6 (2d Cir. 2007) (stating that it would be "legal error" for a district

4

court to "forbid[] jurisdictional discovery any time a plaintiff does not make a prima facie showing of jurisdiction").

At this stage, Plaintiff has made a sufficient "threshold showing" to warrant jurisdictional discovery. Plaintiff alleges that New York courts may assert general jurisdiction over foreign Defendants Turkish Zen Diamond and Güzeliş, because NY Zen Diamond is dominated by its parent company, Turkish Zen Diamond. *See Sonera Holding B.V. v. Cukurova Holding A.S.*, 750 F.3d 221, 224-25 (2d Cir.) *cert. denied*, 134 S. Ct. 2888 (2014). Plaintiff alleges that (1) Turkish Zen Diamond holds NY Zen Diamond out as its "New York office" and/or its U.S. "sales office," (Brownlee Decl. ¶ 10-14, Exs. C-E); (2) Defendants advertise their appearance at trade shows without differentiating between the entities attending each show, *id.* ¶ 13; (Pl.'s Opp'n at 3); (3) the two companies use the same trade name and logo, *id.*; (4) all Defendants offer for sale and/or sell jewelry products manufactured by Turkish Zen Diamond, *id.* at 7; (Brownlee Decl. ¶¶14-15); (5) Güzeliş is the sole officer/CEO of both NY Zen Diamond and Turkish Zen Diamond, *id.* ¶ 9, Ex. B; (Güzeliş Decl. ¶ 18); and (6) Güzeliş has an ownership interest in both NY Zen Diamond and Turkish Zen Diamond, *id.* ¶ 14. Plaintiff has alleged sufficient facts to warrant jurisdictional discovery on the issue of whether NY Zen Diamond is dominated by Turkish Zen Diamond. *See Sonera Holding*, 750 F.3d at 225 (New York courts may assert general jurisdiction over a foreign company when its in-state domestic affiliate "is so dominated by the defendant as to be its alter ego.").[2]

---

[2] The Court does not address Defendants' alternative grounds for dismissal because of its ruling on jurisdictional discovery. The interconnected nature of the personal jurisdiction inquiry and the substantive claims at issue in this case cautions against advisory opinions on other matters. *See, e.g.*, *United States v. Leon*, 203 F.3d 162, 164 (2d Cir. 2000) (quoting *United States Nat'l Bank v. Independent Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) ("[A] federal court lacks the power to render advisory opinions.")).

### III.    CONCLUSION

For the foregoing reasons, Plaintiff's request for jurisdictional discovery is GRANTED and Defendants' Motion to Dismiss is DENIED without prejudice.  Plaintiff has until June 13, 2016 to complete jurisdictional discovery, at which point the parties shall submit a joint letter informing the court of a proposed date for the Rule 16 conference or a briefing schedule for Defendants' renewed Motion to Dismiss.

SO ORDERED.

DATED:    New York, New York
          April 27, 2016

/s/
KIMBA M. WOOD
United States District Judge